No. 22-11132

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*vs.*

TIMOTHY BARTON,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Northern District of Texas

**REPLY IN SUPPORT OF THE EMERGENCY COMPONENT OF APPELLANT'S MOTION FOR PARTIAL STAY**

**PRESENTED TO HEARING PANEL JUDGES GRAVES, CLEMENT, AND HIGGINSON**

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

## TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................... ii
TABLE OF AUTHORITIES.................................................................... iii
Certificate of Filing and Service .................................................... 6
Certificate of Compliance ................................................................ 7

# TABLE OF AUTHORITIES

**Cases ........................................................................................ Page(s)**

*Aggaro v. MOL Ship Management Co.*,
675 F.3d 355 (4th Cir. 2012) ........................................................ 3

*League of Women Voters of North Carolina v. North Carolina*,
769 F.3d 224 ........................................................................... 3

The Appellant Timothy Barton respectfully submits this reply in support of the emergency component of his motion for a partial stay of the receivership orders in this matter. The Appellant asked that a portion of his motion for a partial stay—concerning a stay of the Receiver's authority to transfer property interests to third parties—be entered on an emergency basis, by Friday, June 9, 2023. The basis for that emergency request was the Receiver's intention to transfer the estate's possessory property interest in 2999 Turtle Creek Boulevard to a lender on the property by June 9, 2023.

The Securities and Exchange Commission's opposition (filed at 9:16 PM on June 8) includes a declaration from the Receiver asserting that he transferred to the lender possession of the 2999 Turtle Creek Boulevard property on Tuesday, June 6, 2023, and that the lender changed the locks on Wednesday, June 7, 2023. Declaration of Cortney C. Thomas, ECF 122-2 ⁋ 8. He asserts that this early transfer of possession was "not conducted to circumvent this Court's consideration of Barton's motion to stay." *Id.* ⁋ 6.

The Receiver's assertion—that he was not strategically acting to "circumvent this Court's consideration" of the pending motion for stay—

is impossible to square with the Receiver's prior sworn statement to this Court. The Appellant's Motion for Partial Stay filed on May 26, 2023, sought Court action on the stay by June 9, 2023—the contractual date, approved by the District Court, when the Receiver had to turn over the property. The Receiver, in a declaration attached to the Securities Exchange Commission's opposition to that motion, stated as follows:

> I have proceeded to perform the [lender] Settlement as I am required to do to avoid a breach. As discussed below, however, the Settlement requires that the Receivership Entities vacate the Turtle Creek Property by June 9, 2023. If I fail to accomplish all that is necessary to vacate the premises, I will be in breach of the Settlement Agreement. *The stay proposed by Barton will prevent me from performing this obligation.*

Declaration of Cortney C. Thomas, ECF 90-2 ⁋ 25 (emphasis added). The Receiver confirmed that the date of transferring possession was June 9, 2023. And the Receiver confirmed that the stay requested by Appellant—to be entered by the Court by June 9, 2023—"will prevent me from performing this obligation" to transfer possession of property to the lender.

The Receiver did not disclose that he might transfer it early, such that the requested stay would be of no consequence. The Receiver instead told this Court, and all parties, that the requested stay would stop him

from transferring the property. The Receiver represented this Court and anyone else listening that there was no need to further accelerate judicial intervention to prevent the claimed irreparable harm of a property-interest transfer.

The Receiver's conduct in front-running this Court's stay decision is unjustifiable, contrary to his sworn statements to this Court, and difficult to reconcile with his claimed status as an "arm of the court appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody." SEC Opp. [App. ECF No. 90] at 23.

This Court can and should, when granting the emergency component of the partial stay, restore the status quo as of the date of Mr. Thomas's sworn statement to this Court, June 2, 2023. *See*, *e.g.*, *League of Women Voters of North Carolina v. North Carolina*, 769 F.3d 224, 236 (explaining authority to use equitable powers "to require a party who has recently disturbed the status quo to reverse its actions, [because] such an injunction restores, rather than disturbs, the status quo ante" (citation and internal quotations omitted)); *Aggaro v. MOL Ship Management Co.*, 675 F.3d 355, 377 (4th Cir. 2012) (reviewing circuit-level authorities on

the need to adjust equitable remedies to maintain the status quo before a party on notice of a dispute took actions to disturb it). As of June 2, 2023, when the Receiver made representations to the Court that foreclosed any possible need to accelerate judicial intervention, the Receiver was maintaining the estate's possessory interest in the property.

At a minimum, the Receiver's conduct demonstrates that he is treating his duties as an exercise in gamesmanship, rather than as a solemn obligation in service of the courts. It is a symptom of a receivership that is out of hand. And it is reason for this Court to grant the broader motion for partial stay—now sought on a non-emergency basis—to bring this receivership to a standstill, with property in place and secure and Receiver activities limited to carrying for it, pending a decision on the receivership's propriety. In light of these developments, the Receiver cannot be counted on to act in a manner consistent with his obligation to safeguard property under this care, while respecting the right of the courts to review and supervise his decisions.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

Edwin A. Huffman
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-3000
*thuffman@huntonak.com*

ATTORNEYS FOR APPELLANT
TIMOTHY LYNCH BARTON

June 9, 2023

**Certificate of Filing and Service**

I hereby certify that on June 9, 2023, this motion was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*

## Certificate of Compliance

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 825 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*