**_United States Court of Appeals_**
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 28, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding: Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

No. 22-11132 SEC v. Barton
USDC No. 3:22-CV-2118

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P. 39 through 41, and 5TH CIR. R. 35, 39, and 41 govern costs, rehearings, and mandates. **5TH CIR. R. 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

Direct Criminal Appeals. 5TH CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

Pro Se Cases. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for certiorari in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

Court Appointed Counsel. Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **and advise them of the time limits for filing for rehearing and certiorari**. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

Sincerely,

LYLE W. CAYCE, Clerk

Christina Rachal

By:________________________
Christina C. Rachal, Deputy Clerk

Enclosure(s)

Mr. Keefe Michael Bernstein
Mr. Michael Christopher Dingman
Mr. Michael J. Edney
Mr. Ezekiel Levenson Hill
Mr. Edwin A. Huffman
Mr. John Joseph Kane
Ms. Charlene Cantrell Koonce
Mr. David B. Reece
Mr. Andrew Robertson
Mr. Richard Bratton Roper III
Mr. Cortney Christopher Thomas